UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMES CLARK, SR., | No. 2:24-cv-1748 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is an inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1] Plaintiff has also filed a motion for assistance (ECF No. 6); a motion for a temporary restraining order (ECF No. 9); and a document titled "Amended

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to the appropriate agency requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1  Complaint Releif [sic] Modification Motion & STATEMENT OF FACTS" (ECF No. 12), which
2  will be construed as a motion to amend.
3      The motion to amend will be granted to the extent that plaintiff shall be given an
4  opportunity to file an amended complaint. In the event plaintiff does not file an amended
5  complaint, the court will proceed to screen the original complaint. The court further notes that
6  the motion indicates that plaintiff is currently in the custody of the Sacramento County Jail, and
7  the Clerk of the Court will be directed to update the docket accordingly.[2]
8      In light of plaintiff's change of address, the court finds that plaintiff's motion for
9  temporary restraining order, which deals with the handling of his nitroglycerin prescription by the
10 California Department of Corrections and Rehabilitation, is now moot because he is in the
11 custody of the Sacramento County Jail. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001)
12 ("[W]hen a prisoner is moved from a prison, his action [for injunctive relief] will usually become
13 moot as to conditions at that particular facility" (citing Dilley v. Gunn, 64 F.3d 1365, 1368-69
14 (9th Cir. 1995))); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (claims for
15 injunctive relief related to conditions of confinement were moot where prisoner was transferred to
16 another facility and "demonstrated no reasonable expectation of returning to [the original
17 facility]" (citing Darring v. Kincheloe, 783 F.2d 874, 876 (9th Cir. 1986))). It will therefore be
18 recommended that the motion be denied.
19     Finally, plaintiff has filed a document that appears to be directed to the United States
20 Marshal and is accompanied by a certificate of service that identifies it as a request for assistance.
21 ECF No. 6. However, the motion does not contain any clear request for relief, and it is unclear
22 what assistance plaintiff seeks. The motion will therefore be denied.
23     Accordingly, IT IS HEREBY ORDERED that:
24     1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

---

[2] Plaintiff is advised that simply updating his address on the first page of his filings is not sufficient to ensure the court will process any change of address. To ensure the court is properly notified of any change of address, plaintiff must file a notice clearly identified as a "Notice of Change of Address." Failure to properly notify the court of any change of address could result in dismissal of this action. See L.R. 183(b).

    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

    3.  Plaintiff's "Amended Complaint Releif [sic] Modification Motion & STATEMENT OF FACTS" (ECF No. 12) is construed as a motion to amend and is GRANTED to the extent that plaintiff shall have an opportunity to file an amended complaint.

    4.  Within thirty days of the service of this order, plaintiff may file a first amended complaint.  In the event plaintiff does not file an amended complaint the court will proceed with screening the original complaint.

    5.  Plaintiff's motion for assistance (ECF No. 6) is DENIED.

    6.  The Clerk of the Court is directed to update plaintiff's address to Sacramento County Jail, 651 I Street, Sacramento, CA 95814.

    7.  The Clerk of the Court shall randomly assign a United States District Judge to this action.

    IT IS FURTHER RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 9) be DENIED as moot.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 14, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3