UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE JAMES CLARK, SR., | No. 2:24-cv-1748 TLN AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

Plaintiff is a former state and current county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. By order filed November 15, 2024, the undersigned granted plaintiff's motion to amend and provided him thirty days to file an amended complaint. ECF No. 13 at 3. Plaintiff was cautioned that if he failed to file an amended complaint the case would proceed on the original complaint. Id. The time to amend has now passed and no amended complaint has been filed. Accordingly, for the reasons explained below, the undersigned will proceed to screen the original complaint.

I.      Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on

an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

II. Factual Allegations of the Complaint

The complaint names as defendants the "assigned officials in charge" of the California Department of Corrections and Rehabilitation (CDCR), Sacramento Parole Department, Sacramento Probation, and Woodland Probation. ECF No. 1 at 2. Plaintiff appears to allege that he was supposed to begin three weeks of probation on January 23, 2014, but his release orders were illegally altered on February 9, 2014, and he was instead placed on six years of parole, which has resulted in his continued unlawful imprisonment and due process violations. Id. at 4-6.

III. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state any valid claims for relief because plaintiff has not alleged any specific conduct by any defendant. See Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) ("[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made"

1   (citation omitted)).  To the extent plaintiff is attempting to state claims for relief against any
2   defendant in their capacity as a supervisor, or against Sacramento County or Yolo County as
3   municipal entities, he has not alleged any facts showing that the alleged violation of his rights was
4   due to a defendant's policy or custom.  See Redman v. County of San Diego, 942 F.2d 1435,
5   1446 (9th Cir. 1991) (supervisory liability may exist without any personal participation if the
6   official implemented "a policy so deficient that the policy itself is a repudiation of the
7   constitutional rights and is the moving force of the constitutional violation" (citations and
8   quotations marks omitted)), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825,
9   836-38 (1970); Monell v. Dep't of Soc. Servs., 436 U.S. 585, 691, 694 (1978) "it is when
10  execution of a government's policy or custom, whether made by its lawmakers or by those whose
11  edicts or acts may fairly be said to represent official policy, inflicts the injury that the government
12  as an entity is responsible under § 1983").

13  More fundamentally, however, a claim to recover monetary damages is not cognizable
14  under § 1983 if success on the claim "would necessarily imply the invalidity of [the plaintiff's]
15  conviction or sentence."  Heck v. Humphrey, 512 U.S. 477, 487 (1994).  In order to recover
16  damages, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on
17  direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to
18  make such determination, or called into question by a federal court's issuance of writ of habeas
19  corpus."  Id. at 486-87.  In this case, plaintiff alleges that he is still being confined as a result of
20  the allegedly altered order, demonstrating that it has not been overturned or otherwise invalidated.

21  IV.    Scope of Section 1983

22  State prisoners may not attack the validity of the fact of their confinement in a section
23  1983 action and "habeas corpus is the appropriate remedy" for such claims.  Preiser v. Rodriguez,
24  411 U.S. 475, 490 (1973); Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc)
25  ("habeas corpus is the exclusive remedy to attack the legality of the conviction or sentence").
26  Accordingly, to the extent plaintiff seeks to challenge his current confinement, he fails to state a
27  claim.  The court further declines to offer plaintiff the option to convert his complaint to a habeas
28  petition because it appears his claims have not been exhausted.  See 28 U.S.C. § 2254(b)(1) (a

petition for writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process" or circumstances render the process ineffective). A search of the California Supreme Court's case information website shows plaintiff has not filed anything in that court since 1997, well before the alleged alteration of his release date. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court).

V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

VI. Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because you cannot bring a claim based on your confinement being unauthorized until it has been invalidated.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judges Findings

4

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 29, 2025

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE